UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VICENTE ROSALES, | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-1343-JMS-DKL |
| | ) | 1:11-cr-0064-JMS-KPF-1 |
| UNITED STATES OF AMERICA. | ) | |

**Entry Denying Motion for Relief Pursuant to
28 U.S.C. ' 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Vicente Rosales ("Rosales") for relief pursuant to 28 U.S.C. ' 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. The ' 2255 Motion

*Background*

Rosales was charged in a one count indictment of:

being an alien, after having been deported and removed from the United States on or about October 2, 2003, said deportation being subsequent to [his] conviction for an aggravated felony on or about April 24, 1995, for Willful Injury and Aggravated Assault, in the Iowa District Court for Marshall County, Cause No. CR-556-0693 was found in the United States at Marion County, without the Attorney General of the United States having expressly given consent to the defendant's reapplying for admission into the United States.

All in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

See Indictment, case number 1:11-cr-64-JMS-KPF at dkt. 13.

1

On July 20, 2011, Rosales filed a Petition to Enter a Plea of Guilty. That petition was filed without the benefit of a plea agreement.[1]

On November 4, 2011, the parties filed Stipulated Facts with respect to the charges against Rosales. That stipulated factual basis included a statement that Rosales had been convicted in Iowa of Willful Injury and Aggravated Assault in Cause No. CR 556-0693, on or about April 24, 1995. As a result of this aggravated felony conviction, Rosales was removed or deported on October 2, 2003. Rosales illegally entered the United States in July 2006.

A change of plea hearing was conducted. At that hearing, the Court determined that Rosales' plea of guilty was voluntarily and knowingly entered, and that a factual basis for the plea was established. The Court then adjudged Rosales guilty as charged.

Rosales was sentenced to a term of imprisonment of 30 months to be followed by three years of supervised release. Rosales was also assessed the mandatory assessment of $100. Judgment was entered on the Court's docket on November 8, 2011.

Rosales did not appeal his conviction or his sentence. Now before the Court is Rosales' Motion for Post-Conviction Relief pursuant to 28 U.S.C. § 2255.

*Discussion*

A 28 U.S.C. ' 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). Relief pursuant to ' 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

---

[1] Contrary to Rosales' assertion, there was no waiver provision in his plea agreement as there was no plea agreement.

2

In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently. *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005) (citing *United States v. Gilliam*, 255 F.3d 428, 432-33 (7th Cir. 2001)). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan*, 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)). Under these standards, Rosales's plea was valid.

Rosales' claims in this case, which he has not elected to advance through a reply to the United States' return to order to show cause, do not warrant relief from the disposition of the prosecution against him nor do they entitle him to be resentenced to a shorter term of supervised release. Each of his claims is discussed below.

### 1. Deportation Order

Rosales challenges the validity of his felony convictions for willful injury and aggravated assault (entered in Iowa in 1995), arguing that as (in his view) those prior proceedings were illegitimate and therefore, as he was unlawfully deported, his re-entry was not unlawful. The United States points out that Rosales could have but failed to raise this issue on direct appeal. Therefore, Rosales has committed procedural default with respect to this issue. This issue cannot be considered for the first time in this ' 2255 action absent a showing of cause and prejudice or that the failure to consider a claim would result in a miscarriage of justice. *See, e.g., Waldemer v. United States,* 106 F.3d 729, 731 (7th Cir. 1997). Rosales does not respond to this argument and thus has not made the showing required to overcome the consequences of his procedural default.

### 2. Ineffective Assistance of Counsel

Next, Rosales asserts that his counsel was ineffective for not advising him to collaterally attack his prior violent felony conviction and the propriety of his earlier deportation proceeding.

3

This is a variation of Rosales' argument that he was unlawfully deported. However, a claim of ineffective assistance of counsel is an exception to the rule of procedural default and may be raised during a collateral challenge. *See Massaro v. United States,* 538 U.S. 500 (2003). Rosales fails, however, to demonstrate any basis for undermining his violent felony conviction (long since final) and demonstrates no actual infirmity in his deportation proceeding. Rosales' guilty plea and stipulated factual basis preclude him from raising any question regarding the facts alleged in the indictment. *United States v. Broce,* 488 U.S. 563, 569-70 (1989). A petitioner's testimony during a plea colloquy is presumed to be true, *U.S. v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004); *Bridgeman v. U.S.*, 229 F.3d 589, 592 (7th Cir. 2000), and the petitioner bears a heavy burden of overcoming that presumption, *see U.S. v. Hardimon*, 700 F.3d 940, 944 (7th Cir. 2012). Under these circumstances, Rosales' counsel cannot be found ineffective.

### 3. Supervised Release

Rosales asserts that his supervised release term of three years (upon completion of his term of imprisonment) is unreasonable. The Government correctly points out that this is an issue which could have been raised on direct appeal, and is procedurally defaulted. *See Prewitt v. United States*, 88 F.3d 812, 816 (7th Cir. 1996). In any case, sentencing claims such as this do not set forth constitutional issues and are not appropriate claims for § 2255 relief. *See Buggs v. United States*, 153 F.3d 439, 443 (7th Cir. 1998).

*Conclusion*

For the reasons explained above, Rosales is not entitled to relief in this action. He has failed to demonstrate a constitutional violation warranting collateral relief. Accordingly, his motion for relief pursuant to ' 2255 is **denied,** and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue. A copy of this Entry and of the

accompanying Judgment shall be entered in the underlying criminal action, Case No. 1:11-cr-64-JMS-KPF-1.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Rosales has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 10/30/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

VICENTE ROSALES
Reg. No. 09964-028
YAZOO CITY MEDIUM FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5888
YAZOO CITY, MS 39194

All Electronically Registered Counsel